UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gabriela G., | File No. 26-cv-590 (ECT/EMB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Kristi Noem, *in her capacity as Secretary of the United States Department of Homeland Security*; Todd M. Lyons, *in his official capacity as Acting Director of the United States Immigration and Customs Enforcement*; Pamela Bondi, *in their official capacity as Attorney General of the United States*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

Rachel M. Engebretson, Engebretson Law Firm, P.A., Blaine, MN, for Petitioner Gabriela G.

Ana H. Voss and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, Pamela Bondi, and David Easterwood.

Petitioner Gabriela G. is a Mexican citizen who has lived in the United States since March 2023, when she entered the country without inspection. Pet. [ECF No. 1] ¶¶ 21, 33–34. Gabriela was not apprehended upon arrival, and she "has had no prior encounters with Immigration and Customs Enforcement." *Id.* ¶¶ 6, 34. Gabriela "has no criminal history in the United States or anywhere else in the world." *Id.* ¶ 35. On January 23, 2026, Respondents—or their agents—arrested Gabriela without a warrant in Northfield,

Minnesota. *Id*. ¶¶ 7, 13, 37; *see also* ECF No. 4 at 2 (stating that Gabriela was "arrested by ICE agents"). She is "currently detained at Fort Snelling, Minnesota." Pet. ¶¶ 6, 17, 38. Gabriela is "not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231." *Id.* ¶ 6.[1] According to the Petition, Gabriela is entitled to release as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM (C.D. Cal.). *See id.* ¶¶ 1–11.

Gabriela challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 14. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 42–67; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Gabriela, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA") and its implementing regulations. *See* Pet. ¶¶ 75–107. Gabriela seeks a declaration that her detention without a bond hearing violates the Due Process Clause of the Fifth Amendment, the INA, and the APA; issuance of an order enjoining Respondents from transferring or removing her outside the District of Minnesota or the United States pending the adjudication of the Petition, and if she has already been moved, an order directing Respondents to return her to Minnesota; an order for her immediate

---

[1] Neither party provided the Court with Gabriela's Notice to Appear or the other paperwork we've often received in these cases. In this case, it doesn't matter. In their response to Gabriela's habeas petition, Respondents did not contest any of the facts alleged in the Petition. *See* ECF No. 4 at 2.

release, or in the alternative for a bond hearing; and attorneys' fees and costs. Pet. at 30–31.

In their response, Respondents that Gabriela's Petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 4 at 6. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Gabriela has shown she has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS),

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Gabriela's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Gabriela has lived in the United States for more than two years. *See* Pet. ¶¶ 33–34. Her detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not

---

[3] Respondents do not argue that Gabriela is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Gabriela's detention. *See* ECF No. 4; *see also* Pet. ¶ 6 (stating that Gabriela "is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231").

triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Gabriela alleges that she was arrested without a warrant. Pet. ¶¶ 13, 37. Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Gabriela's] arrest necessitates [Gabriela's] immediate release." See ECF No. 3 at 2. Respondents have not produced a warrant, nor have they advanced any specific argument that Gabriela's release is an unwarranted remedy. *See* ECF No. 4 at 6 ("The Federal Respondents . . . acknowledge that some judges in this District conclude the absence of a warrant preceding a petitioner's arrest necessitates immediate release.").

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

---

[4]   The resolution of this statutory-interpretation question in Gabriela's favor makes it unnecessary to address the Petition's remaining grounds.

5

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Gabriela G.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 29, 2026, at 9:55 a.m.　　　s/ Eric C. Tostrud
　　　　　　　　　　　　　　　　　　　　　Eric C. Tostrud
　　　　　　　　　　　　　　　　　　　　　United States District Court